**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                             **4:89-CR-00094-WRW**

**ERVIN KINDLE**

**ORDER**

Pending is Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. No. 73), based on the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.

Following a jury trial,[1] Defendant was sentenced, on November 7, 1989, to 264 months in prison, 5 years supervised release, and a $5,000 fine.[2]

Although Defendant was found guilty of a conspiracy involving cocaine powder <u>and</u> cocaine base, at sentencing he was held responsible <u>only</u> for cocaine powder. Specifically, Defendant received a base offense level of 32, because he was held responsible for 5.58 kilograms of cocaine powder.[3] Since Amendment 706, as amended by Amendment 711, applies only to sentences involving cocaine base and Defendant was sentenced based on cocaine powder only, he is not entitled to sentencing reduction under the Guideline Amendment.

---

[1] Defendant was convicted of one count of drug conspiracy (21 U.S.C. § 846), three counts of possession with intent to distribute drugs (21 U.S.C. § 841), and two counts of aiding and abetting the distribution of drugs (18 U.S.C. § 2).

[2] Doc. No. 70.

[3] Defendant received 4 points for role in offense. With a total offense level of 36 and a criminal history score of III, Defendant's guideline range was 235-293 months.

**CONCLUSION**

After reviewing the case file and based on the findings of fact and conclusions of law above, Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. No. 73) is DENIED.

IT IS SO ORDERED this 1st day of April, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE